UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CR-21-150-R |
| | )        CIV-24-684-R |
| PAUL DEWAYNE GALLIMORE, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Gallimore's pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. Nos. 45, 46]. The government responded in opposition [Doc. No. 50] and the motion is now at issue.

Mr. Gallimore entered a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and was sentenced to a 200-month term of imprisonment. The sentence included an enhancement under the Armed Career Criminal Act based on Defendant's prior convictions. Defendant appealed his sentence to the Tenth Circuit and argued that the ACCA enhancement was improper because three of the prior convictions occurred on a single occasion. *United States v. Gallimore*, 71 F.4th 1265 (10th Cir. 2023). The Tenth Circuit rejected this argument and affirmed the sentence. *Id.* Defendant now moves to vacate his sentence under 28 U.S.C. § 2255 and raises several grounds for relief.

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

1

Mr. Gallimore first argues that his conviction must be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment. The Tenth Circuit has repeatedly upheld the constitutionality of § 922(g)(1), *see Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), cert. granted, judgment vacated, No. 23-683, 2024 WL 3259668 (U.S. July 2, 2024),[2] and this this Court "is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court." *United States v. Carrero*, 635 F. Supp. 3d 1210, 1215 (D. Utah 2022).

Mr. Gallimore next asserts that he received an unlawful sentence because the predicate convictions used to enhance his sentence under the ACCA were not evaluated under the categorical approach. The predicate offenses that formed the basis of the ACCA enhancement included convictions under Oklahoma law for first degree robbery, robbery with a firearm, and robbery with a dangerous weapon. *See* Doc. No. 39 at 3:12-4:10; Doc. No. 25. The Tenth Circuit has previously determined that these offenses qualify as violent felonies under the categorical approach. *See United States v. Byers*, 739 F. App'x 925, 928

---

[2] *Vincent* was recently vacated and remanded for further consideration in light of the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), which upheld the constitutionality of 18 U.S.C. § 922(g)(8) as applied. Prior to the remand, the Tenth Circuit concluded, in an unpublished decision, that *Rahimi* did not overrule Tenth Circuit precedent upholding the constitutionality of § 922(g)(1). *United States v. Curry*, No. 23-1047, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) (unpublished). Several district courts have reached the same conclusion. *United States v. Wallace*, No. 24-CR-00121-SEH, 2024 WL 4256707, at *3 (N.D. Okla. Sept. 20, 2024); *United States v. Sutton*, No. 24-CR-00168-SEH, 2024 WL 3932841, at *4 (N.D. Okla. Aug. 23, 2024); *United States v. Harris*, No. CIV-24-331-F, 2024 WL 3571756, at *4 (W.D. Okla. July 29, 2024). The Court agrees that *Rahimi* did not indisputably and pellucidly abrogate the Tenth Circuit's precedential opinion upholding the constitutionality of § 922(g)(1).

(10th Cir. 2018); *United States v. Godlock*, 794 F. App'x 725, 728 (10th Cir. 2019). Accordingly, the ACCA was properly applied and Mr. Gallimore's contention that his sentence was unlawfully enhanced is unfounded.

Mr. Gallimore's final ground for relief asserts that his trial and appellate counsel provided ineffective assistance in a variety of ways. When ineffective assistance of counsel is the basis of a § 2255 claim, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney. *Id.* at 687–88. In evaluating counsel's performance, courts should make "every effort…to eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. To establish the second prong, a defendant must show that his attorney's deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). If a defendant cannot show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.

Mr. Gallimore argues that his counsel was deficient for failing to raise a constitutional challenge to § 922(g)(1) and failing to object to the use of his robbery convictions as predicate offenses under the ACCA. However, Mr. Gallimore cannot show either deficient performance or prejudice from counsel's failure to raise these arguments because, as previously noted, they are foreclosed by Tenth Circuit precedent. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (recognizing that a defendant is typically not prejudiced when his attorney fails to advise him of a defense that would not succeed at trial); *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that trial counsel was not ineffective for failing to raise a meritless argument). Mr. Gallimore's next argument – that his counsel was deficient for failing to argue that sentencing enhancement implicates double jeopardy concerns – is similarly without merit given long standing case law concluding that "[t]he double jeopardy clause has no relevance to [a defendant's] enhanced federal sentence." *United States v. Conner*, 886 F.2d 984, 985 (8th Cir. 1989); *see also United States v. Hill,* No. 03-CR-0071-CVE, 2010 WL 330317, at *17 (N.D. Okla. Jan. 22, 2010) (concluding that counsel was not constitutionally deficient for failing to raise double jeopardy challenge to enhanced sentence under ACCA). Mr. Gallimore also contends that his counsel failed to adequately argue that his predicate offenses occurred on a single occasion, but both his trial counsel and appellate counsel raised this argument.[3] Last, Mr.

---

[3] As noted by the government, the Supreme Court's recent decision in *Erlinger v. United States*, 602 U.S. 821, (2024), which held that a jury must determine whether predicate offenses under the ACCA occurred on separate occasions, does not aid Mr. Gallimore because it is a rule of criminal procedure that does not apply retroactively on collateral review. *See Yerkes v. United States,* No. 1:18-CR-38, 2024 WL 3460108, at *2 (E.D. Tenn.

4

Gallimore argues that his counsel was deficient for failing to investigate his case, order a mental health evaluation, and advise him of his right to remain silent. Mr. Gallimore has not, however, identified any specific information that was overlooked nor has he explained how these alleged failures resulted in prejudice. Mr. Gallimore's conclusory statements regarding these issues are insufficient to show that he is entitled to relief. *See United States v. Maxton,* 796 F. App'x 542, 545 (10th Cir. 2019) ("Mere speculation, unsupported by facts, does not entitle [petitioner] to § 2255 relief.").

For the reasons set forth above, Defendant Gallimore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. Nos. 45, 46] is DENIED. Additionally, because the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

---

July 17, 2024) ("The Supreme Court did not, however, hold that its ruling was retroactive on collateral review.").

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 28th day of October, 2024.

                                          *[Signature]*
                                          **DAVID L. RUSSELL**
                                          **UNITED STATES DISTRICT JUDGE**